**4IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**DEXTER BRUNSON,**

               Petitioner,

**v.**

**R. HUDGINS, Complex Warden,**

              Respondent.

**Civil No.: 5:21-CV-78**
Judge Bailey

## REPORT AND RECOMMENDATION

This case is before the undersigned for consideration of the *pro se* petitioner Dexter Brunson's ("the petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, respondent's Motion and Memorandum to Dismiss or, in the Alternative, for Summary Judgement, the petitioner's response, and the respondent's reply. [Docs. 1, 11, 17. 18].

### I.      Procedural History

On May 19, 2021, the petitioner filed a Writ of Habeas Corpus Under 28 U.S.C. § 2241. [Doc. 1]. On June 15, 2021, the petitioner paid the required filing fee. [Doc. 7]. On June 15, 2021, the undersigned directed the respondent to file an answer to the allegations contained in the petition. [Doc. 8].

On July 12, 2021, the respondent answered with a Motion to Dismiss or, in the alternative, Motion for Summary Judgment with a Memorandum in Support and an exhibit with attachments. [Docs. 11, 14]. A <u>Roseboro</u> Notice was issued to the petitioner by the undersigned on July 14, 2021, pursuant to <u>Roseboro v. Garrison</u>, 528 F. 2d 309,

310 (4th Cir. 1975), instructing the petitioner of his right to file a response to the respondent's Motion and Memorandum. [Doc. 15]  On July 30, 2021, the petitioner filed his response [Doc. 17], and on August 6, 2021, the respondent filed a reply. [Doc. 18].

## II.   Facts

On November 21, 2016, the state of Maryland issued arrest warrants for the petitioner in two cases.   Criminal  Action Number 21-K-17-053296 charged the petitioner with multiple misdemeanor offenses as well as two felony offenses: (1) assault-first degree and (2) firearm possession on November 19, 2016 with felony conviction. [Doc. 14-1 at 3]. Criminal Action Number 21-K-053297 also charged the petitioner with multiple misdemeanor offenses and two felony offenses: (1) assault-second degree and (2) firearm possession on November 20, 2016 with felony conviction. [Doc. 14-2 at 3.].

On December 8, 2016, the petitioner was arrested by the Middle District of Pennsylvania Fugitive Task Force   On December 15, 2016, the petitioner was transferred  to the custody of Maryland state officials.  On March 28, 2017, while in state custody, the petitioner was borrowed pursuant to a Federal Writ of Habeas Corpus ad Prosequendum. [Doc. 14-5 at 2].

On April 29, 2019, the petitioner was sentenced in the United States District Court to a 120-month term of imprisonment for Possession with Intent to Distribute Cocaine and Marijuana in Criminal Case Number 1:17CR68.   [Doc. 14-6].   The Judgment indicated that it was the Court's intention that the federal sentence was to be served consecutively to the pending parole revocation in August County, Virginia, docket number 15000126 and any sentence that might be imposed on the pending

charges in Washington County, Maryland in Dkt. Nos. 21-K-17-053286 and 053297. [Id. at 3].  Because the petitioner was in the primary custody of Maryland state officials, he was returned to state authorities following the sentencing, and the Judgment in a Criminal Case was filed as a detainer.  [Doc. 14-5 at 2].

On July 1, 2019, the petitioner was sentenced in the Circuit Court of Maryland for Washington County under Criminal Case Numbers 21-K-053296 and 21-K-053297 to nearly identical sentences.   The Commitment Record in both cases imposes a "Sentence: "10 Years Suspend All But 5 Years Eligible for parole," placed the petitioner on supervised probation for a period of 3 years to begin on his release from physical incarceration, and remanded him to federal custody. [Docs. 14-7, 14-8]. In addition, in Criminal Case Number 21-K-17-053296, the petitioner was sentenced to 60 days on the charge of reckless endangerment.  Both Commitment Records also indicated that the total time to be served was to begin on December 15, 2016 and run concurrent with any other outstanding or unserved sentence and awarded him 928 days credit for time served prior to and including the date of sentence.

### III.    The Pleadings

#### A.  The Petition

The petitioner alleges that the BOP has unlawfully computed his sentence.  In support of this allegation, the petitioner maintains that at sentencing, the judge granted him credit for time served in pretrial detention and ran his sentence concurrent with his state charges.  The petitioner also alleges that he was housed in pretrial detention at the Dauphin County Detention Center in Harrisburg, Pennsylvania beginning March 28, 2017 until his sentencing and delivery to the BOP.  The petitioner concludes by arguing

that he was in federal custody not on a writ. For relief, the petitioner requests that the Court to instruct the BOP to grant him credit from March 28, 2017 to delivery to the BOP.

**B. Respondent's Motion and Memorandum**

The respondent first maintains that that this matter should be dismissed because the petitioner failed to exhaust his administrative remedies.  More specifically, the respondent notes that the petitioner has filed only one administrative remedy submission during his designation to the BOP.  However, the petitioner did not first attempt informal resolution prior to submission of the administrative remedy at the institutional level, did not sign his remedy submission, and did not resubmit his appeal at the institutional level in proper form within 15 days of the rejection notice.

In addition, the respondent denies the petitioner's claim that he should receive prior custody credit from March 28, 2017, the date of the federal writ, through July 1, 2019, the day the state sentence was imposed, because prior custody credit cannot be awarded for time spent serving another sentence. Accordingly, the respondent maintains that the petitioner has received all prior custody credit he is due and is not entitled to the credit he seeks.

**C. Petitioner's Response**

In response, the petitioner notes that the respondent incorrectly alleges that his state charges were for drug paraphernalia.  In addition, the petitioner notes that respondent references Attachment 2 as Maryland Case Information Case No. 08-KH12-000831.[1]

---

The petitioner is correct in both these assertions.  However, the undersigned has relied on the exhibits from the Maryland Court to set forth the statement of facts contained in this Report and Recommendation and ignored the errors made by the respondent.

The petitioner then argues that because the State judge ran his sentence concurrent with his federal sentence, the 928 days should be counted towards both sentences. Finally, the petitioner argues that he tried to exhaust his administrative remedies by first filing a BP-8 (informal), which was never answered. He maintains he then emailed the warden asking what the hold up was. He alleges that the warden responded that the BP-8 was not signed. He maintains he then filed a BP-9 with the BP-8 attached and it was signed "Dexton Brunson #92089-0711." When there was no reply, the petitioner claims that he emailed once again, and the respondent emailed back that his time was correct.

**D.  Respondent's Reply**

With respect to exhaustion of administrative remedies, the respondent contends that if the petitioner is alleging that he fully exhausted by only appealing to the warden, his argument is contrary to case law in this Circuit. In addition, the respondent notes that despite the petitioner's claim that he "tried to exhaust administrative remedies," there is no evidence he even attempted to appeal any alleged decision of the warden as indicated by the Administrative Remedy Generalized Retrieval. The reply concludes by arguing that because the petitioner did not fully exhaust and should not be excused from fully exhausting his administrative remedies related to his credit calculation, his petition should be dismissed.

## IV.    Standard of Review

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the

applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff.  Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46.  In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." 550 U.S. at 555 (citations omitted).  Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," Id. (citations omitted), to one that is "plausible on its face," Id. at 570, rather than merely "conceivable," Id.  Therefore, for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint

must meet a "plausibility" standard, instituted by the Supreme Court in <u>Ashcroft v. Iqbal</u>, where it held that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" to meet the plausibility standard and survive dismissal for failure to state a claim. <u>Id</u>.

**B. Motion for Summary Judgment**

The Supreme Court has recognized the appropriateness of summary judgment motions pursuant to Rule 56 of the Federal Rules of Civil Procedure in habeas cases. <u>See</u> <u>Blackledge v. Allison</u>, 431 U.S. 63, 80 (1977); <u>see</u> <u>also</u> <u>Maynard v. Dixon</u>, 943 F.2d 407 (4th Cir. 1991). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); <u>United States v. Lee</u>, 943 F.2d 366, 368 (4th Cir. 1991).

Motions for summary judgment impose a difficult standard on the moving party because it must be obvious that no rational trier of fact could find for the nonmoving party. <u>Miller v. FDIC</u>, 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a

whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. <u>Anderson</u>, 477 U.S. at 248-49.

## V. Analysis[2]

Following a federal conviction and sentencing, the United States Attorney General, acting through the BOP, is responsible for calculating an inmate's term of confinement, including a determination of when the sentence commenced. <u>United States v. Wilson</u>, 503 U.S. 329, 334 (1992). In making this computation, the BOP must adhere to 18 U.S.C. § 3585(b) which provides as follows:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences: (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

<u>Id.</u>

Under section 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody while awaiting transportation to, or arrives voluntarily to commence service of the sentence at, the official detention facility at which the sentence is to be served." Where, as here, the prisoner faces both state and federal charges, the term "received in custody" is particularly important. In such instances, the concept of primary jurisdiction is applicable.  Primary jurisdiction is explained in <u>United States v. Smith</u>:

---

[2] The respondent alleges that the petitioner failed to exhaust his administrative grievances and advances this failure as a basis for dismissing the petition. While the undersigned agrees that the petitioner failed to exhaust, dismissal on this basis would be without prejudice. Because it is clear that the petitioner is not entitled to relief, no further discussion of administrative grievances is contained herein.

> In the context of successive criminal prosecutions by different sovereignties this 'chief rule which preserves our two systems of courts from actual conflict of jurisdiction' means that the sovereignty which first arrests the individual acquires the right to prior exclusive jurisdiction over him,…and this plenary jurisdiction is not exhausted until there has been complete compliance with the terms of, and service of any sentence imposed by, the judgment of conviction entered against the individual by the courts of that first sovereignty…

United States v. Smith, 812 F.Supp. 368, 371 (E.D.N.Y. 1993) (quoting In re Liberatore, 574 F.2d 78 (2d Cir. 1978)).

Primary jurisdiction remains vested in a sovereign until that sovereign relinquishes its  primary jurisdiction through dismissal of the charges, bail release, parole release, or satisfaction of the sentence. See Coles v. DeBoo, No. 2:10cv70, 2010 WL 3767113 (N.D.W.Va. September 27, 2010; Chambers v. Holland, 920 F.Supp. 618, 622 (M.D. Pa. 1998) citing United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980)("Primary jurisdiction remains vested in the state which first arrested the defendant until that jurisdiction relinquishes its priority by, e.g., bail release, dismissal of the state charges, parole release, or expiration of the sentence.").

However, the fact that a state prisoner is in federal court on a federal writ of habeas corpus ad prosequendum does not mean that the prisoner's federal sentence has commenced.  "Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation."  Id. at 912.  See also Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992) ("A prisoner is not even in custody for the purposes of section 3568 when he appears in federal court pursuant to a writ ad prosequendum; he is merely 'on loan' to federal authorities.")

9

Here, the State of Maryland did not lose its primary jurisdiction over the petitioner when it lent him to federal authorities pursuant to the writ of habeas corpus *ad prosequendum*. Maryland maintained primary jurisdiction over the petitioner until July 1, 2019, when the petitioner was sentenced and remanded to federal custody based on the sentences in both Maryland cases being ordered to run concurrent with any other outstanding or unserved sentence including federal sentence.

The undersigned appreciates the petitioner's confusion as to why he is not entitled to prior custody credit against his federal sentence for the period July 15, 2016 through June 30, 2019, the day before his state sentence was imposed.   While the state Commitment Records indicate that his state sentences are to run concurrent to each other and any federal sentence, that order only permitted the petitioner to "complete" his state sentence in federal custody because the state voluntary relinquished him to the custody of federal authorities upon entry the Commitment Records.

The 928 days credit the state Commitment Records awarded the petitioner cannot be applied to his federal sentence because they were clearly applied to his state sentence. Therefore, the BOP could not award credit for that time against his federal sentence because of the prohibition contained in 18 U.S.C. § 3585(b) as set forth above.   Moreover, the Judgment entered in the United States District Court unequivocally made his federal sentence **consecutive** to any sentence that might be imposed on the pending charges in Washington County, Maryland.  But for the State of Maryland voluntarily relinquishing custody of the petitioner following entry of his Commitment Record so that his state sentence could run concurrently from that date

10

forward, the petitioner would have had to finish his state sentence before entering the custody of the BOP.

## VI.    Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that the respondent's "Motion to Dismiss or for Summary Judgment" **[ECF No. 11]** be **GRANTED**, and that the petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 **[ECF No. 1]** be **DENIED** and **DISMISSED WITH PREJUDICE**.

Within fourteen days after service of this Report and Recommendation, any party may file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**   A copy of such objections should also be submitted to the United States District  Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave  to exceed the page  limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the  petitioner by certified mail, return receipt requested, to her last known address as shown on the docket, and to counsel of record via electronic means. In addition, because this Report and Recommendation completes the referral from the District

Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED:  August 25, 2021


/s/ James P. Mazzone
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE